IN RE: The Adoption of                )
      BRANDON KAIN DICUS        )
                                    )
      SCOTT STEEL and DARLA STEEL,   )
                                    )
         Plaintiffs/Appellees,        )      Appeal No.
                                    )      01-A-01-9611-CH-00502
v.                                     )
                                    )      Wayne Chancery
MARY LOU DICUS,                         )      No.    8735 & 9656
                                    )
         Defendant/Appellant.         )

FILED

May 9, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR WAYNE COUNTY

AT WAYNESBORO, TENNESSEE

THE HONORABLE JIM T. HAMILTON, CHANCELLOR

BEN BOSTON
CHRISTOPHER V. SOCKWELL
Boston, Bates, Holt & Sockwell
235 Waterloo Street
P. O. Box 357
Lawrenceburg, Tennessee 38464
      ATTORNEYS FOR PLAINTIFFS/APPELLEES


J. DOUGLAS DICUS
P. O. Box 1119
210B South Main Street
Waynesboro, Tennessee 38485
      ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# OPINION

This is an appeal by defendant, Mary Lou Dicus, from the decision of the chancery court to set aside the court's order of 18 October 1993 which amended the court's order of adoption filed on 24 August 1993. The facts out of which this matter arose are as follows.

In December 1981, Darla Steele gave birth to Brandon Dicus Kain. Mrs. Steele was not married to the child's father, Scott Steele, at the time of the child's birth. The maternal grandfather, George Albert Dicus, and step-grandmother, Mary Lou Dicus, cared for the child from the beginning. The Steeles married in 1986. On 14 April 1992, the Dicuses and the Steeles signed a consent order granting custody of the child to the Dicuses.

On 27 April 1992, the Dicuses filed a petition for adoption. The Dicuses later amended their petition to include an allegation that the Steeles had abandoned the child. The Chancery Court for Wayne County initially heard the matter in August 1993. The court found the Steeles had abandoned the child despite the fact they had not turned their backs on the child. The court entered an order on 24 August 1993 and granted the adoption to Mr. Dicus. The Dicuses later filed a timely motion to amend seeking to have Mrs. Dicus added as an adoptive parent. The court heard the motion and filed an amended order of adoption with the clerk on 18 October 1993 allowing Mrs. Dicus to adopt the child. The 18 October 1993 order was not served upon either party or their counsel and did not contain a certificate of service.

Mr. Dicus passed away in September 1995. On 4 March 1996, the Steeles filed a motion pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure requesting the court dissolve the 18 October 1993 amended order of adoption and restore custody to the Steeles. On this same day, the Steeles filed a complaint requesting the court set aside the 18 October 1993 order of adoption, issue a restraining order prohibiting Mrs. Dicus from maintaining custody of the child, and restore custody to the Steeles. The court entered a final judgment expressly addressing both the motion and the complaint on 31 May 1996.

The final judgment stated:

> ORDERED, ADJUDGED AND DECREED that the Order entered August 24, 1993, was not the entire judgment of this Court, and it is now my duty, to make the record speak the truth, and I think this is a proper case to enter an Order nunc pro tunc which the proof clearly and convincingly supports, not only from the original hearings in 1993, but from the subsequent hearings in 1996, that the judgment which is sought to be enforced is the one that was pronounced in the cause. The Order entered August 24, 1993, should have read at the bottom of Page 2,
>
> > It is, therefore, ORDERED by the Court that the child, Brandon Kain Dicus, has been abandoned by his natural parents, Scott and Darla Steel [sic], pursuant to T.C.A. §36-1-110, and this adoption is granted to petitioner, George Albert Dicus, to adopt Brandon Kain Dicus.
> >
> > IT IS FURTHER ORDERED that the sole purpose for this adoption is so that Brandon Kain Dicus will be eligible for a Social Security check, and said check shall be deposited in a financial institution, in an interest bearing account and held for Brandon Kain Dicus until his 18th birthday at which time said funds shall be released to him which will assure him of some stability in his future and hopefully provide him with a college education.
> >
> > IT IS FURTHER ORDERED that the Interlocutory Decree be waived.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Amended Order filed October 18, 1993, was improper and shall be withdrawn nunc pro tunc.

The court then concluded it was in the child's best interest to award custody to the Steeles because of the improper guardianship or control that he had while under the care of Mrs. Dicus. Thereafter, Mrs. Dicus filed a timely notice of appeal.

The resolution of the issues in this case is not a simple task. Nevertheless, we will do our best to properly and effectively address the issues presented in this appeal.

It is the opinion of this court that the order filed on 18 October 1993

amending the 24 August 1993 order was never effective. To explain, Rule 58 of the Tennessee Rules of Civil Procedure provides:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
> When requested by counsel or pro se parties, the clerk shall mail or deliver a copy of the entered judgment to all parties or counsel within five days after entry.

Tenn. R. Civ. P. 58 (West 1996). Thus, an order is not effective if it does not comply with Rule 58. The 18 October order failed to comply with Rule 58 because the only signature on the order was the judge's and there was no certificate of service. The order was never effective.

The issue then becomes: How does this conclusion affect the current state of the case. Pursuant to Rule 58 the order might as well have never existed. Thus, the result is that the trial court never ruled on the motion to amend the 24 August order and that motion was still pending before the court when it held the most recent hearing and filed the judgment currently before this court on appeal. In addition, there was no final judgment from which the Steeles could appeal because the motion was still pending. Pursuant to Rule 4(b) of the Rules of Appellate Procedure the thirty day time limit for filing a notice of appeal never began to run. Thus, at the time of the most recent hearing, the trial court was faced with an undecided motion to amend and the most recent complaint and motion.

It is the opinion of this court that the chancery court addressed the motion to amend in its final judgment and that the conclusions reached by the court were correct. By withdrawing the 18 October order nunc pro tunc, the court clearly expressed its intent to award adoptive rights to Mr. Dicus only. In addition, the court expressed a need to add certain language concerning the child's receipt of social security benefits to the 24 August order. As such, the trial court, in effect, addressed the motion to amend by adding findings to the 24 August order and by denying Mrs.

Dicus's request to be included as an adoptive parent.

After addressing the motion to amend, the court turned to the custody issue and determined it was in the best interest of the child to remain in the custody of the Steeles. The court stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the best interest of Brandon Kain Dicus will be served if he is placed in the home of his natural parents, Scott and Darla Steel [sic]. (Darla Steel [sic] is legally his sister because of the granting of the adoption to George Albert Dicus.) There is no question in the Court's mind and the Court is convinced by clear and convincing evidence that since the death of George Albert Dicus that when Brandon has been in the home of Mary Lou Dicus that he is in such a condition of want and suffering and is under improper guardianship and control that he is endangering the morals and health of himself and others. This conclusion is clearly and convincingly supported by the testimony of Brandon Kain Dicus, and Officers Rich and Jerrolds. When he is in the home of Scott and Darla Steel [sic], he has no disciplinary problems, his grades and school attendance are good, and he is happy. That his school attendance is habitually and without justification poor, and he is habitually disobedient of the reasonable and lawful commands of Mary Lou Dicus and is ungovernable when with her.
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that placing Brandon Kain Dicus with his natural parents, Scott and Darla Steel [sic], presents the least drastic or restrictive alternative and would be in his best interest to place him in their home.

Our review of the findings of facts in this case is "'*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.'" **Hass v. Knighton**, 676 S.W.2d 554, 555 (Tenn. 1984) (quoting Tenn. R. App. P. 13(d)). It is the opinion of this court that the evidence does not preponderate against the findings of the trial court. Mrs. Dicus argues in her brief that the court could not award custody to the Steeles unless it terminated her parental rights. The problem here is that neither Mrs. Dicus nor the Steeles had any legally recognized parental rights as to the child. Instead, Mrs. Dicus is technically the child's step-mother and Mrs. Steele is his sister. Taking these facts into consideration along with the evidence, it is the opinion of this court that the chancery court did not err when it awarded legal custody to the Steeles.

It results that the judgment is affirmed, and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to the defendant/appellant, Mary Lou Dicus.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE